IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| MAURICE BERTRAND | : | NO. 19-525 |

MEMORANDUM

Bartle, J.                                        July 13, 2022


The Government has indicted defendant Maurice Bertrand
on five counts involving conspiracy and possession and attempted
possession with intent to distribute oxycodone in violation of
21 U.S.C. § 841(a)(1), (b)(1)(C), and § 846.  Before the court
is his pending motion to suppress "physical evidence," that is
messages obtained from his cellphone without the Government
having secured a warrant.[1]  The Government maintains that
defendant consented to the search.  The defendant disagrees.
The court held an evidentiary hearing on the motion.

I

The Fourth Amendment requires a search warrant based
on probable cause in order to seize a person's papers and
effects except under circumstances where a well established

---

1.   Defendant also moved to suppress a statement he gave to a
Drug Enforcement Administration agent on the ground that he had
not been given the required warnings under Miranda v. Arizona,
384 U.S. 436 (1966).  This portion of his motion is now moot as
the Government will not seek to admit the statement.  It agrees
that the statement was obtained in violation of Miranda.

exception exists.  Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973); United States v. Price, 558 F.3d 270, 277 (3d Cir. 2009).

The Supreme Court in Riley v. California held that the Government must generally obtain a search warrant to search a person's cellphone when it is seized incident to an arrest.  573 U.S. 373, 386 (2014).  The Court recognized, however, that exceptions, other than a search incident to an arrest, may still apply under appropriate circumstances so that a warrant would not be necessary to search a cellphone.  Id. at 401-02.  While not applicable in Riley, the Court discusses at length one example — exigent circumstances.  Id.

It is well established that there is no need for a search warrant or indeed even for probable cause when there is a consent to search.  Schneckloth, 412 U.S. at 219.  The consent must be voluntary and thus free of duress and coercion.  Id. at 224-27.  As the Supreme Court has explained, "[c]onsent that is the product of official intimidation or harassment is not consent at all."  Florida v. Bostick, 501 U.S. 429, 438 (1991). The issue of consent is fact-specific and involves not only consideration of the "characteristics" of the persons giving consent but also of the "details of the interrogation." Schneckloth, 412 U.S. at 226.

Voluntariness does not require proof that the consenting party had knowledge of his or her right not to consent to the search.  Id. at 234, 248-49.  Nor is the Government required to advise the party of the right to refuse consent. Id. at 231.

II

The Government has the burden of proof by a preponderance of the evidence to establish that the defendant consented to the search in issue and that the consent was freely and voluntarily given.  Bumper v. North Carolina, 391 U.S. 543, 548-49 (1968); United States v. Morales, 861 F.2d 396, 399 (3d Cir. 1988).  The court now makes the following findings of fact.

On June 3, 2019, the Drug Enforcement Administration ("DEA") was investigating the use of forged or fraudulent prescriptions to obtain illegal drugs from a pharmacy in Marcus Hook, Pennsylvania.  The pharmacy was cooperating with the Government which had an undercover agent working there.

On that day a DEA task force converged in the vicinity of the pharmacy to interview a large number of individuals who it had information would be attempting to fill forged prescriptions at that location.  One of the individuals who was stopped was defendant at which point his possessions were seized.  Initially he was handcuffed, but the handcuffs were removed after questioning.  Thereafter, Patrick Trainor, the

-3-

supervising DEA special agent at the scene, spoke with defendant
who was no longer detained and was free to leave.  Trainor,
however, told defendant that he would retain defendant's
cellphone pending obtaining a search warrant but that things
would move more quickly if defendant consented to a search.
Defendant, a mature adult, who works as a bodyguard for athletes
and entertainers, responded that he needed his cellphone for
work.  After asking some further questions, defendant agreed to
allow the search.  The conversation between defendant and
Trainor took no more than fifteen minutes.  Also present during
the conversation was Brad Panichelli, a Chief Warrant Officer
with the Pennsylvania National Guard who was specially assigned
to work with the DEA.  His specific responsibility that day was
to download information from cellphones where either a search
warrant had been obtained or consent had been given.

Once defendant provided his consent to Trainor and
gave Panichelli the cellphone's password, Panichelli downloaded
the cellphone in the back of the DEA supervising agent's car
with the door open so that defendant could observe.  The process
took about twenty-five minutes.  During this time, defendant
expressed his impatience that it was taking so long but never
withdrew his consent to the search.  Once the downloading had
concluded, the cellphone was returned to defendant, and he left
the area without being arrested.  There was nothing

-4-

confrontational or coercive about the conduct or conversation of either Trainor or Panichelli.

Defendant testified at the hearing that he never saw Panichelli on June 3, 2019.  He denied any conversation with Trainor but then stated that he specifically refused to give Trainer his consent to search his cellphone.  To undermine the Government's proof, defendant also relies on the fact that Trainor never had defendant sign a written consent and that Trainor never wrote a report recounting his conversation with defendant in which defendant provided his oral consent to search.  These factors are not determinative.

The court finds Trainor and Panichelli to be credible and defendant not to be credible to the extent his testimony conflicts with theirs.  The Government has established by a preponderance of the evidence that defendant consented to the search of his cellphone on June 3, 2019.  Based upon the setting as well as the characteristics of defendant, his consent was voluntary and not the result of duress or coercion.  See Price, 558 F.3d at 278.  The fact that defendant was anxious for the return of his cellphone which he needed for his business does not undermine his voluntary consent.

Accordingly, the motion of defendant to suppress evidence obtained from his cellphone will be denied.