```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| MAURICE BERTRAND | : | NO. 19-525 |

### MEMORANDUM

Bartle, J.                                                     December 20, 2022

        Defendant Maurice Bertrand pleaded guilty on August 3, 2022 to Counts 3 and 5 of a superseding indictment.  In Count 3, he was charged with obtaining possession of a controlled substance by fraud or forgery and aiding and abetting (21 U.S.C. § 843(a)(3) and 18 U.S.C. § 2).  In Count 5, he was charged with attempting to obtain possession of a controlled substance by fraud or forgery.  (21 U.S.C. § 843(a)(3) and § 846).  At his guilty plea hearing, the Government proffered that defendant was part of a group of persons who presented forged prescriptions to a pharmacy in Marcus Hook, Pennsylvania.

        Defendant was sentenced to one month in prison, which was within the Advisory Guideline range of 0 to 6 months.  He is scheduled to self-surrender on January 18, 2023.  Before the court is defendant's motion for bail pending appeal.

        Our Court of Appeals has explained that under the Bail Reform Act, 18 U.S.C. § 3143(b), there is a presumption against

bail pending appeal.  To overcome the presumption, the defendant must establish:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
>
> (2) that the appeal is not for purpose of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

United States v. Miller, 753 F.2d 19, 24 (3d Cir. 1985).  The Court recognized that "[o]nce a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances."  Id. at 22 (quoting H. Rep. No. 907, 91st Cong., 2d Sess. 186-87 (1970)).

       The Government, in opposing the pending motion, does not maintain that defendant is likely to flee or is a danger to the safety of any other person or the community.  Nor does the Government assert that his appeal is for purposes of delay.  The Government, however, argues that defendant has not established that his appeal raises a substantial question of law or fact.

According to defendant, there is a substantial question as to whether the court correctly ruled against him on his motion to suppress evidence.  On the day of the seizure, a DEA task force had convened in the vicinity of the Marcus Hook pharmacy to interview a group of persons including defendant who it had information would be attempting to fill forged prescriptions.  As set forth in great detail in the court's Memorandum in support of its order denying the motion to suppress, the court found after an evidentiary hearing that defendant consented to the seizure of his cellphone.  See United States v. Bertrand, No. CR 19-525, 2022 WL 2718525, at *2 (E.D. Pa. July 13, 2022).  Thus the Government's conduct was clearly lawful.  See, e.g., Schneckloth v. Baustamonte, 412 U.S. 218, 219 (1973).  Defendant has not presented a substantial question of law or fact for appeal.

Accordingly, his motion for bail pending appeal will be denied.